IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA
Pittsburgh

JOHN COYNE,

       Plaintiff,

vs.                                                                  Civil Case No. __20-1626____

FORD MOTOR CREDIT COMPANY, LLC,

       Defendant.

## COMPLAINT

COMES NOW the Plaintiff, John Coyne, by counsel, who for his Complaint against the Defendant, Ford Motor Credit Company, LLC, alleges as follows:

### PRELIMINARY STATEMENT

1.      This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act.

2.      The jurisdiction of this Court is conferred by 15 U.S.C. § 1681(p) and 28 U.S.C. § 1331.

### PARTIES

3.      The Plaintiff is a natural person and resident of the State of Pennsylvania and is a "consumer" as defined by 15 U.S.C. § 1681a(c).

4.      Defendant, Ford Motor Credit Company, LLC (hereinafter "FMC") is incorporated under the laws of the State of Delaware and conducting business at 1335 S. Clearview Ave., Mesa, AZ 85209-3376.  FMC is in the business of making and servicing consumer credit agreements including automobile leases and collecting debts in the State of Pennsylvania.

**FACTS**

5.       On or about August 21, 2017, Defendant FMC sued the Plaintiff John Coyne in the

Magistrate District Court of Allegheny County, MJ-05202-cv-0000241-2017.  Therein FMC alleged:

>    (a) At all times relevant hereto, the plaintiff was in the business of loaning money on motor vehicle installment sales contracts and leasing vehicles financed by Ford Motor Credit Company LLC, including but not limited to the lease agreement entered into by the defendant(s), hereinafter more fully described (the Contract as hereafter defined).

>    (b) On or about July 18, 2015, the defendant(s) entered into a written Lease Agreement (hereinafter referred to as the "Contract"), for the purpose of leasing a 2015 Ford F-150, in the amount of $58,365.00 more particularly described in the Contract (hereinafter referred to as the "Vehicle"). A true and correct copy of the Contract is attached hereto, marked **Exhibit A** and incorporated herein by reference.

>    (c) Defendant(s) made monthly payments up to and until July 21, 2016 but has failed to make any further payments thereafter, and is therefore in default of the Contract.

>    (d) As a result of the default by defendant, and pursuant to the terms of the Contract, the above-mentioned vehicle was repossessed and was sold at auction.

>    (e) In accordance with the Contract, defendant is liable to plaintiff for the sum of $9,792.27.

>    (f) All conditions precedent to plaintiff's recovery from defendant, if any, have occurred.

>    (g) Although demand was made by plaintiff upon defendant to pay the sums justly due and owing, the defendant has failed and refused to pay all or any part thereof.

6.       Mr. Coyne filed an Answer and denied that he was in default under the contract and

proceeded to defend himself against FMC's claims.

7.       Specifically, Coyne contended that FMC without proper notice or contractual

authority repossessed Plaintiff's 2015 Ford F-150 at a time when Plaintiff was not in payment default.

2

8.      On December 5, 2017, default judgment was entered in favor of Mr. Coyne.  See attached as **Exhibit B**.

9.      On January 4, 2018, FMC filed a notice of appeal in the Court of Common Pleas, Allegheny County, Case No. AR-18-55.

10.     On February 26, 2018, Defendant FMC re-filed its complaint in the Court of Common Please, Allegheny County, Case No. AR-18-55, setting forth the allegations listed above.

11.     The dispute was litigated and Coyne unquestionably prevailed at a 3-hour hearing held on May 7, 2018.  See Award in favor of John Coyne attached as **Exhibit C**.

12.     Accordingly, no payment default legally exists and any right FMC had to collect the same has ceased.

13.     Subsequently, the Plaintiff Coyne discovered that Defendant FMC had not acted in accordance with the above-described court rulings and was negatively reporting the debt to the credit reporting agencies, including Experian, TransUnion and Equifax.

14.     Defendant falsely reported the underlying debt as being charged off; having a large past due balance; being severely delinquent and the like to one or more credit reporting agency.

15.     On or around July 27, 2020, Plaintiff submitted detailed dispute letters with the credit reporting agencies Experian, TransUnion, and Equifax.  Mr. Coyne enclosed copies of the judgments in his favor and against FMC with his dispute letters.  For example, the Equifax dispute letter is attached as **Exhibit D**.

16.     Upon information and belief, each of Plaintiff's dispute letters was forwarded to Defendant FMC by the respective credit reporting agencies.

17. Experian reported the results of its reinvestigation to John Coyne on August 21, 2020. It stated that FMC verified its reporting as accurate. Accordingly, no changes were made to the false reporting by Defendant.

18. Equifax reported the results of its reinvestigation to John Coyne on August 21, 2020. It stated that FMC verified its reporting as accurate. Accordingly, no changes were made to the false reporting by Defendant.

19. TransUnion reported the results of its reinvestigation to John Coyne on August 22, 2020. It stated that FMC verified its reporting as accurate. Accordingly, no changes were made to the false reporting by Defendant.

20. Upon information and belief, Defendant failed to conduct a lawful investigation and, upon information and belief, unlawfully and wrongfully verified the reporting as accurate. Upon information and belief, Defendant continues to falsely report the subject debt.

21. As a direct and proximate result of Defendant's false credit reporting, the Plaintiff has suffered adverse actions and consequences in credit-related transactions or in the ability to enter into credit-related transactions. In fact, Plaintiff has been attempting to refinance an existing mortgage to lower payments and obtain other consumer credit but has been prevented from doing so due to Defendant's wrongful conduct.

## COUNT I
### Violations of the Fair Credit Reporting Act
### 15 U.S.C. §§ 1681s-2(b)

22. Plaintiff re-alleges and incorporates paragraphs above as if fully set out herein.

23. Defendant willfully and/or negligently violated 15 U.S.C. § 1681s-2(b) by failing to conduct reasonable investigations upon receiving notice of Plaintiff's disputes, and/or by failing

to appropriately report the results of its investigations, and/or by failing to appropriately modify, delete, and/or block the information.

24.     As a result of this conduct, action and inaction of Defendant, the Plaintiff suffered damage by loss of credit; loss of the ability to purchase and benefit from credit; and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denials.

25.     Defendant's conduct, action and inaction was willful, rendering it liable for actual or statutory, and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.  In the alternative, it was negligent entitling the Plaintiff to recover actual damages under 15 U.S.C. § 1681o.

26.     The Plaintiff is entitled to recover costs and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

WHEREFORE, the Plaintiff respectfully requests that the Court enter judgment against the Defendant for all actual and compensatory damages, punitive damages and penalties alleged herein, together with pre and post judgment interest, attorney fees, and any other legal or equitable relief the Court deems just and proper.

**TRIAL BY JURY IS DEMANDED**.

JOHN COYNE, Plaintiff

By:     /s/ Christopher J. Regan
        Christopher J. Regan, PA Bar No. 88771
        Bordas & Bordas, PLLC
        One Gateway Center
        470 Fort Duquesne Blvd., Suite 1800
        Pittsburgh, PA  15222
        *Counsel for Plaintiff*